No. 17,271.

FINNEY ET AL. *v.* ESTES ET AL.
(273 P. [2d] 638)

Decided August 16, 1954.

Mr. EUGENE O. PERKINS, for plaintiffs in error.

Mr. F. T. HENRY, Mr. LOUIS JOHNSON, for defendant in error City of Colorado Springs.

Mr. DAVID P. STRICKLER, Mr. KARL R. ROSS, for defendants in error J. W. Estes and Garbage Service Co.

Mr. JOHN C. BANKS, Mr. MALCOLM D. CRAWFORD, Mr. CONRAD L. BALL, Mr. JOHN MARSALIS, amici curiae.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

ON or about August 26, 1952, the City of Colorado Springs, under the authority of an initiated ordinance adopted by the electors, entered into a contract with defendant Estes and the Garbage Service Company for

the collection and disposal of garbage in the City of Colorado Springs. Plaintiffs in error, as plaintiffs in the trial court, for themselves and all others similarly situated, contending and alleging that said purported contract was not a contract, but a franchise granted contrary to the provisions of the charter of said City, filed a suit for declaratory judgment decreeing the rights of plaintiffs and all other persons similarly situated. Defendants moved to dismiss the complaint on the ground that it did not state a claim upon which relief could be granted. Upon argument of such motion, it was agreed that the motion be considered as in the nature of a motion for summary judgment; the motion was sustained; and the complaint dismissed. This writ of error was issued in due course.

A former garbage collection contract of the City expired in the latter part of February 1952; the City directly assumed and undertook the collection and removal of garbage; procured equipment therefor; and actually commenced operations when petitions were circulated to submit an initiated ordinance to the electors of the City to prevent and prohibit the City from carrying on such garbage collection service. An election was held in July, 1952, and the initiated ordinance which contained the following provision, pertinent to this case, was adopted: "The collection of garbage and waste food products in the City of Colorado Springs shall be awarded by contract to one or more responsible persons, firms or corporations who shall submit the best bids therefor under such reasonable regulations as may be adopted by the City Council."

While it is not disclosed by the record, it appears in the brief of defendants in error filed herein, and not denied by plaintiff, that plaintiffs in error were active in sponsoring the election for the adoption of the initiated ordinance which contained the above quoted section requiring the City to award a contract for garbage collection upon competitive bids, and they now are contending

that compliance with the terms of the ordinance constitutes the granting of a franchise in violation of the City charter.

On leave granted, the City and County of Denver, and the Colorado Municipal League, filed briefs as amici curiae in support of the contentions of defendant in error.

We deem it unnecessary to set out the contract here involved, since there is little contention about the validity of the manner in which it was entered into and there being no particular objection as to terms. It is sufficient to say that by its terms it is revokable at any time by the City without any payment or penalty whatsoever. Plaintiffs contend that it is a franchise; that the collection and disposal of garbage is a public utility; that by the terms of the contract defendants collect direct from the users of the service; and that therefore a contractual relation exists and a public interest is involved.

■■ We believe that the observation just made concerning the express right of revocation at any time without payment or penalty fully answers the contention adversely to plaintiffs in error. The granting of a franchise is the grant of a property right and involves the granting of a privilege; however, all privileges granted do not become franchises. It is true the city charter here involved provides that no franchise be granted by the City except upon vote of the tax-paying electors; that the franchise or privilege shall specify the streets and other places where the franchise shall apply; that no exclusive franchise shall ever be granted; and no renewal thereof before one year prior to its expiration; however, the charter also provides: "The Council may grant a permit at any time in or upon any street, alley, or public place, provided such permit may be revocable by the council at any time, whether such right to revoke be expressly reserved in every permit or not." While counsel for plaintiff contends that the sole question here involved is, whether or not the contract of which com-

plaint is here made, is or is not a franchise; however, an attempt is made to inject matters concerning the invitation for bids, which were not included in the contract as awarded, and this seems to be entirely beside the question, because necessarily we must consider the contract as executed, and matters not included therein are excluded from consideration.

Paragraph 7 of the contract is as follows:

"It is expressly understood that notwithstanding any of the conditions or provisions of the contract documents herein contained, or any permit, right or privilege to collect, remove, and/or dispose of garbage or trash in and from the City of Colorado Springs over its streets and alleys, or otherwise, that the City Council of the City of Colorado Springs or the electors of the City of Colorado Springs, may, in the sole judgment or discretion of said Council or electors, and without liability forfeiture or penalty whatsoever to the City, terminate the contract and all contract documents, and revoke and terminate all permits, privileges or rights therein made, granted or given, and it is mutually agreed and understood that said Contract Documents are subject to the provisions of the Charter of the City of Colorado Springs and particularly Section 83 thereof.

"And it is further agreed and understood that the rights, privileges or permits herein granted, given or made, are nonexclusive and the City Council and/or the electors of the City of Colorado Springs reserve and retain the full right and privilege to grant or permit any other person, firm or corporation to collect remove and/or dispose of garbage or trash in or from the City of Colorado Springs over its streets or alleys, or otherwise, when in the sole judgment and discretion of the said City council or electors, the public convenience or necessity requires the same."

It seems useless, in face of the explicit terms of the contract itself, to discuss the matter of the collection of garbage by a municipality under the terms of a

franchise. Common sense resolves a distinction between a contract for such purposes and the term franchise, which ordinarily is accepted as being applicable to the well-known services which are deemed public utilities. To our knowledge, these utilities never have been considered in the same classification or category with the removal of garbage done under the responsibility of a municipal corporation in performing an affirmative duty imposed thereon as a governmental function for the preservation of public health and safety. Having this imposed duty, a municipality can perform the function by its own employees or can farm the job out under contract; and in that connection, the choice of the city as to which method it will employ is beyond the control of the courts.

█ The City in the present case followed the mandatory provisions of that portion of the ordinance hereinabove set out; moreover, in the absence of any such mandatory ordinance, the City was fully empowered, under its police power, to enter into such contract in the exercise of a clear governmental function. It has been held that even an exclusive contract is not a franchise within the well-known and accepted meaning and terms of such. *Ponti v. Burastero,* 112 Cal. App. (2d) 846, 247 P. (2d) 597. The contract here is, in accordance with paragraph 7 thereof herein quoted, specifically *nonexclusive,* with the reservation of the right to grant to any other person, firm or corporation the privilege herein involved.

█ Defendant in the instant case, under the contract, is not carrying on a business or operating a trade or occupation for which it might be taxed, but is, in a practical sense, functioning as a governmental agency of the municipality, acting and performing a service for hire in the protection of the public health and safety. There are certain duties, among which is the removal of garbage, which garbage may become a nuisance and dan-

gerous to public health, and which the municipality may not omit to collect without peril.

In view of the fact that the contract here under consideration lacks so many of the necessary elements of a contract and contains every element of a revokable permit, we deem further discussion unnecessary. In conclusion, we say that the trial court unmistakably sensed the distinction between a contract and a franchise and it would not sustain a complaint which sought to have the contract declared to be a franchise and unauthorized and in violation of the charter, and therefore illegal and void. The trial court's determination that the complaint did not state a cause of action upon which relief could be granted was correct and its judgment of dismissal must be, and is, affirmed.