[Civ. No. 10147. Fourth Dist., Div. One. Mar. 11, 1971.]

COPT-AIR, INC., Plaintiff and Respondent, v.
CITY OF SAN DIEGO et al., Defendants and Appellants.

Counsel

John W. Witt, City Attorney, and Jack Katz, Deputy City Attorney, for Defendants and Appellants.

Robert K. Steinberg, Eliot Feldman, Sullivan, Marinos, Augustine & Delafield and John A. Mitchell for Plaintiff and Respondent.

Opinion

AULT, J.—The City of San Diego and certain of its officials appeal from an order of the superior court issuing a writ of mandate directing them to revoke a permit authorizing Sea World, Inc., to conduct a helicopter operation in Mission Bay Park and staying further authorization of such operations except in compliance with section 103 of the San Diego City Charter.[1] For convenience, we shall refer to appellants as "the City" or "the City of San Diego."

Copt-Air, Inc., an unsuccessful applicant for a permit to conduct the helicopter operation in the park, filed the petition for the writ. Although it prevailed below, Copt-Air has not favored this court with a brief supporting the trial court's order. Accordingly, pursuant to rule 17(b) of the California Rules of Court, we will accept as true the facts stated in the City's opening brief.

The issue presented on appeal is simple and clear-cut. ▇▇▇ The pivotal question is whether the authorization granted by the City to Sea World to conduct a helicopter operation in the park was an award of a franchise within the meaning of section 103 of the San Diego City Charter. If the grant amounts to a franchise, public hearings were not held as required by the Charter and the writ was properly issued. If it did not constitute a franchise, as the City earnestly contends, the writ was improvidently issued and the order should be reversed.

---

[1]Section 103. Franchises. The Council shall have power to grant to any person, firm or corporation, franchises, and all renewals, extensions and amendments thereof, for the use of any public property under the jurisdiction of the City. Such grants shall be made by ordinance adopted by vote of five of the members of the Council and only after recommendations thereon have been made by the Manager and an opportunity for free and open competition and for public hearings have been given. No ordinance granting a franchise or a renewal, extension or amendment of an existing franchise shall be effective until thirty days after its passage, during which time it shall be subject to the referendum provisions of this Charter. No franchises shall be transferable except with the approval of the Council expressed by ordinance. (Amendment voted 4-22-41; effective 5-8-41.)

Since 1939, the City of San Diego has been the owner in fee of hundreds of acres of land and water known as Mission Bay Park. From the date of acquisition, continuing to the present, the City has been engaged in developing the park as a recreational area and tourist attraction. Through extensive use of public funds and by the granting of leases and permits to hotels, motels, restaurants, marinas and other businesses which cater to recreation, entertainment and tourism, many millions of dollars in capital improvements have been made in the park, and it is one of the outstanding recreational and tourist areas in Southern California. These leases and permits have been granted by the City under the authority of sections 1, 11 and 28 of its Charter and under section 22.0901 of the San Diego Municipal Code.

The City contends the permit issued to Sea World to conduct helicopter operations from land it had already leased in Mission Bay Park is no different from the many permits and leases it has granted in the park over the years and is in no sense a franchise as the term is used in the City Charter. We agree.

The term "franchise" is not defined in the Charter and is not easily defined, for it has many shades of meaning in the law. In the sense the word is used in the City Charter, there can be no doubt but what it refers generally to a special privilege conferred upon a corporation or individual by a government duly empowered to grant it. (*City of Oakland* v. *Hogan,* 41 Cal.App.2d 333, 346 [106 P.2d 987].) ▮ However, not every privilege conferred by government upon an individual or corporation achieves the dignity of a franchise. (*People* v. *Monstad,* 209 Cal. 658, 664 [289 P. 847]; *McPhee & McGinnity Co.* v. *Union Pac. R. Co.,* 158 F. 5, 10.) This is particularly true where the governmental body conferring the privilege is acting in its proprietary rather than its governmental capacity. "A franchise is a special privilege conferred upon a corporation or individual by a government duly empowered legally to grant it. If the privilege is one that any individual may enjoy without a permit from the government, or if it is a right which one individual may grant to another without approval of the government, it is not a franchise. The first distinguishing feature of a franchise is that it must arise from the power of the government to bestow." (*City of Oakland* v. *Hogan, supra,* 41 Cal.App.2d 333, 346-347.)

The previously cited case of *McPhee & McGinnity Co.* v. *Union Pac. R. Co., supra,* 158 F. 5, 10, contains a detailed discussion distinguishing a franchise from other privileges granted by governmental bodies. At page 10 the court stated: "It is not, however, every privilege or permission granted by state or city to occupy or to use public rivers, highways, or streets that rises to the dignity of a franchise. A privilege granted by a city to a private party to occupy or use a portion of a public street temporarily for

the construction of a building upon an abutting lot, for a cab stand, an apple stand, or for any similar commercial purpose is a license and not a franchise. The exact line of demarcation between franchises and licenses may not be clearly drawn, but their general characters and limits are so well known and so clearly established that it is not difficult to assign many rights granted to the class to which they belong.

"A right or privilege which is essential to the performance of the general function or purpose of the grantee, and which is and can be granted by the sovereignty alone, such as the right or privilege of a corporation to operate an ordinary or commercial railroad, a street railroad, city water-works or gasworks, and to collect tolls therefor, is a franchise. (Citations.)

"A right or privilege not essential to the general function or purpose of the grantee, and of such a nature that a private party might grant a like right or privilege upon his property, such as a temporary or revocable permission to occupy or use a portion of some public ground, highway, or street, is a license and not a franchise." (*McPhee & McGinnity Co.* v. *Union Pac. R. Co., supra,* 158 F. 5, 10.)

■ The permit issued by the City does not purport to authorize Sea Word to conduct helicopter operations, as such. It is specifically made subject to compliance with state and federal authorization, laws and regulations. In granting permission to Sea World to use a portion of its leased land as a heliport from which to conduct helicopter sightseeing rides and taxi-flights, subject to compliance with municipal, state and federal laws and regulations, the City was acting in its capacity as owner of the land and granted nothing a private land owner could not grant upon his own property. It is also apparent the authority to conduct a helicopter operation is not essential to the general purpose or function of Sea World, which is primarily engaged in presenting ocean animal exhibits, displays and shows. A right or privilege not essential to the general function of the grantee and of such a nature a private party might grant a like right or privilege upon his property is a license and not a franchise. (*McPhee & McGinnity Co.* v. *Union Pac. R. Co., supra,* 158 F. 5, 10; *City of Oakland* v. *Hogan, supra,* 41 Cal.App.2d 333, 346-347.)

Related to the above discussion is the proposition the privilege of conducting helicopter sightseeing and taxi-flight rides from a heliport in Mission Bay Park is not a matter of sufficient public concern to be included within the meaning of "franchise" as the term is used in the San Diego City Charter. ■ The term "franchise" ordinarily refers to such services and functions as government itself is obligated to furnish to its citizens and usually concerns such matters of vital public interest as water, gas, electricity or tele-

phone services, and the right to use the public streets and ways to bring them to the general public. (See 37 C.J.S., Franchises, § 1d, p. 146.) When the performance of such vital public services is to be delegated to private concerns by contract with the governmental body, it is essential that extraordinary precautions be taken to protect the public welfare. (*City of Oakland* v. *Hogan, supra,* 41 Cal.App.2d 333, 347.) ■ We think the very fact section 103 of the charter not only requires public hearings, but subjects any franchise award to the referendum process, is indicative of an intent to confine the meaning of "franchise" to contracts and agreements which are concerned with vital public services. The limited privilege awarded here is not of that nature.

We also note the agreement between the City and Sea World is revocable by the City upon 10 days' notice, without cause. It further permits the City to suspend the operation without liability *immediately* in the event of a breach, nuisance or hazard, or for any other reason which the city manager deems necessary to protect the public. ■ While not requiring continuance in perpetuity, the concept of franchise involves some degree of permanence and stability. ■ Whatever the extent of the requirement may be, we are convinced it is not achieved by an arrangement which is revocable by the City, without cause, upon 10 days' notice. The provisions we have referred to tend to classify the privilege granted as a permit or license, and, in themselves, negate the idea it was a franchise. (See *People* v. *Lawley,* 17 Cal.App. 331, 338 [119 P. 1089]; *McPhee & McGinnity Co.* v. *Union Pac. R. Co., supra,* 158 F. 5, 10; *Finney* v. *Estes,* 130 Colo. 1 [273 P.2d 638, 639-640].)

The facts were not in dispute below, and the trial court's ruling was based solely upon its erroneous conclusion the agreement between the City and Sea World was a franchise and subject to the provisions of section 103 of the San Diego City Charter.

The order appealed from is reversed. The trial court is directed to recall the writ and deny the petition.

Brown (Gerald), P. J., and Coughlin, J., Concurred.