525 P.2d 512 (1974)
PEOPLE of the State of Colorado ex rel. Dwain A. KINSEY and Dwain A. Kinsey, Individually, and doing business as Kinsey's Montrose Funeral Home, Plaintiffs-Appellants,
v.
William B. SUMNER, Individually and as Coroner of Montrose County, Colorado, et al., Defendants-Appellees.
No. 73-063.
Colorado Court of Appeals, Div. I.
May 7, 1974.
Rehearing Denied June 11, 1974.
*513 Cashen, Cheney, Johnston & Adamson, Thomas F. Cheney, Richard W. Adamson, II, Montrose, for plaintiffs-appellants.
Brooks, Miller, Lincoln & Brooks, Ralph E. Miller, Theodore L. Brooks, Montrose, for defendants-appellees.
Selected for Official Publication.
RULAND, Judge.
Plaintiff Kinsey appeals from a judgment dismissing his amended complaint. We affirm in part and reverse in part.
We note preliminarily that the only issue for our determination is whether the amended complaint states a claim for relief. We are governed by two basic principles. First, dismissal of a complaint is improper unless it appears: (1) That plaintiff is entitled to no relief under any state of facts which may be proved in support of the claim; Nelson v. Nelson, 31 Colo.App. 63, 497 P.2d 1284; or (2) that the allegations made do not provide the opposing party sufficient notice to answer and prepare for trial. See J & K Construction Co. v. Molton, 154 Colo. 214, 390 P.2d 68. Second, the material allegations of the complaints must be taken as admitted. Cook v. Denver, 128 Colo. 578, 265 P.2d 700; Millard v. Smith, 30 Colo.App. 466, 495 P.2d 234.

*514 I

Alleged Misuse of Public Office
Counts I and II of the amended complaint assert a claim for injunctive relief under C.R.C.P. 106(a)(3) and are thus considered together. C.R.C.P. 106(a)(3) provides:
"When any person usurps, intrudes into, or unlawfully holds or exercises any office or franchise, the district attorney of the proper district may and, when directed by the governor so to do, shall bring an action against such person in the name of the people of the state, but if the district attorney declines so to do, it may be brought upon the relation and complaint of any person."
Insofar as material here, Kinsey alleges that he is a resident, voter, and taxpayer of Montrose County and the owner of a funeral home in Montrose. Defendants William B. Sumner and Richard McCurdy are the coroner and deputy coroner, respectively, for Montrose County. In addition, Sumner is the funeral director, principal stockholder, and manager of defendant Valley Funeral Homes, Inc., (Valley). McCurdy is employed by Valley in addition to being employed as a deputy coroner.
Kinsey alleges that Sumner and McCurdy as coroners have officially investigated cases involving deceased persons pursuant to C.R.S.1963, 35-6-6. In conjunction with these investigations, the coroners have adopted a policy of contracting with Valley from time to time for use of funeral facilities to assist in conducting the investigations. In addition, after making contact with next of kin of deceased persons in their capacity as coroners, defendants have from time to time entered into private burial contracts for the benefit of Valley.
Kinsey also alleges that the coroners are paid public funds as required by law for their services and that the coroners have performed judicial acts by placing official certification upon death certificates even in cases where Valley obtains a private burial contract. He further alleges that the district attorney has declined to file any action pursuant to C.R.C.P. 106.
According to the amended complaint, the acts of defendants are an abuse of discretion, represent a conflict of interest, are discriminatory against plaintiff Kinsey, are contrary to public policy, and are illegal.
On the basis of the allegations made, Kinsey requests a decree enjoining the coroners from using Valley's funeral facilities for official investigations, enjoining Valley from entering into private burial contracts in those cases where the coroners conduct an investigation, declaring the coroners' certifications void as to decedents interred by Valley pursuant to private burial contracts, and ordering the coroners to reimburse the general fund of Montrose County for payments received for rendering services in these cases.
As the first ground for reversal of the trial court's judgment, Kinsey asserts that a coroner's investigation is similar to a judicial proceeding, and the coroner acts in a judicial capacity. Hence, the coroners must disqualify themselves because of their interest in obtaining a private burial contract for Valley in the same manner that a judge must disqualify himself if he has any interest in the outcome of pending litigation. See C.R.S.1963, 37-1-24. We disagree with plaintiff's contention.
The coroners' function is to investigate and determine whether a decedent has died from violent, unexplained causes, or under suspicious circumstances. There are no allegations made and we have no basis for assuming that the coroners' desire to solicit a private burial contract for Valley has any material bearing on the outcome of such an investigation.
As a second ground for reversal of the trial court, Kinsey asserts that the coroners are operating a franchise when using Valley's funeral facilities from time to time in conjunction with their investigations. A franchise consists of a special right granted by government to a corporation or individuals which does not belong *515 to citizens in general. City of Englewood v. Mountain States Telephone & Telegraph Co., 163 Colo. 400, 431 P.2d 40. However, plaintiff's allegation reflects that Valley's facilities are not used in conjunction with all investigations, and hence Valley has neither an exclusive nor irrevocable right to provide these facilities. Thus, the existence of a franchise is not alleged. See Finney v. Estes, 130 Colo. 115, 273 P.2d 638.
The third contention is that 1971 Perm.Supp., C.R.S.1963, 40-8-402, has codified the common law, and the allegations made plead a case against the coroners based upon misuse of official information. We disagree. The only allegation made in Counts I and II of the amended complaint applicable to this issue is that from time to time the coroners enter into private burial contracts with the next of kin of certain decedents with whom the coroners have had previous and continued contact in their official capacity. The above statute is not cited in the amended complaint, and there are no other allegations which would inform defendants that they are charged with statutory misuse of official information, see C.R.C.P. 9(i). This asserted issue was not pleaded and was therefore not before the court. See J & K Construction Co. v. Molton, supra.
For the reasons stated above, we conclude that Kinsey has failed to state a claim for relief under C.R.C.P. 106(a)(3), and the trial court's order dismissing Counts I and II was therefore proper.

II

Alleged Antitrust Violation
After incorporating by reference the allegations contained in Counts I and II, Kinsey alleges in Count III that: (1) Defendants have entered into contracts for sale of their goods and services incident to funerals involving deaths investigated by the coroners; (2) Valley and the coroners have conspired together with the intent of restraining and monopolizing the funeral trade in Montrose County arising from deaths which require investigation by the coroners and with the further intent of injuring plaintiff in violation of C.R.S.1963, 55-4-1; and (3) plaintiff has been damaged in his business and in the loss of profits. On the basis of these allegations, Kinsey requests that the court enjoin defendants from the above conspiracy and that he recover judgment for damages.
C.R.S.1963, 55-4-1, prohibits every conspiracy in restraint of trade or commerce. C.R.S.1963, 55-4-5, authorizes injunction as a remedy against unlawful conspiracy, and C.R.S.1963, 55-4-8, permits a plaintiff to recover any damages he may sustain as the result of an unlawful conspiracy.
In support of the trial court's dismissal of this claim, defendants cite Lockwood Grader Corp. v. Bockhaus, 129 Colo. 339, 270 P.2d 193, for the proposition that there can be no conspiracy between a corporation and its employees. Hence, defendants assert that Count III fails to state a claim. While we agree that a conspiracy cannot exist between a corporation and its employees, the allegation here is that the conspiracy exists between Valley on the one hand, and Sumner and McCurdy, in their capacity as coroners, on the other. A coroner may not conspire with a private funeral home to acquire business for the funeral home through the discharge of his public duties in restraint of trade among all private funeral homes. See Caruso v. Abbott, 133 Cal.App.2d 304, 284 P.2d 113.
Citing Cliff Food Stores, Inc. v. Kroger, Inc., 5 Cir., 417 F.2d 203, defendants also contend that the dismissal of Count III was proper because Kinsey failed to allege that defendants have monopolized or are about to monopolize trade in death cases requiring investigations by the coroners. We disagree. The court in the cited case was concerned only with whether the complaint in that case alleged a claim under section 2 of the Sherman Act, 15 U.S.C. § 2. Monopoly is only one of the illegal business practices covered by C.R.S.1963, 55-4-1, which relates only to monopolization or attempts to monopolize.
*516 Kinsey here relies upon an alleged conspiracy in restraint of competition which is also prohibited by C.R.S.1963, 55-4-1.
The judgment of dismissal is affirmed as to Counts I and II of the amended complaint. The judgment of dismissal as to Count III of the amended complaint is reversed and the cause remanded to the trial court with directions to reinstate Count III of the amended complaint and for further proceedings not inconsistent with the views herein expressed.
SILVERSTEIN, C. J., and SMITH, J., concur.