The **HEATHER CORPORATION, a Colorado corporation, and Wayne Gangwish, Plaintiffs-Appellees,**

v.

**COMMUNITY TELE–COMMUNICA-TIONS, INC., a Nevada corporation, and The City of Cortez, a Colorado municipal corporation, Defendants-Appellants.**

No. 80CA1006.

Colorado Court of Appeals, Div. II.

Sept. 17, 1981.

Rehearing Denied Oct. 15, 1981.

Certiorari Granted March 15, 1982.

Smith & West, David P. Smith, Durango, for defendants-appellants City of Cortez.

PIERCE, Judge.

Defendants appeal the district court judgment that Cortez City Ordinance No. 532 is invalid because it is in violation of the Cortez City Charter. We affirm in part and reverse in part.

Ordinance No. 532 authorizes the defendant, Community Tele-Communications, Inc., (Community) to install and operate a cable television system within the city limits of Cortez. The ordinance gives Community the non-exclusive right to operate for an initial renewable term of 10 years, subject to certain restrictions and limitations.

The Heather Corporation filed suit in district court requesting a ruling that any company seeking to use the streets and public ways to install, operate, or maintain a cable television system in Cortez must secure authorization in the form of a franchise pursuant to a vote of the tax-paying electorate. The district court ruled that the right to operate a cable TV service within a city is a proper subject for franchise and that the issue had to be submitted to the electorate as required by the city charter.

On appeal, defendants argue that Ordinance No. 532 does not constitute the granting of a franchise to Community and that the council had the right to award the privilege by issuance of a permit. We disagree.

A franchise is a special right or privilege granted by government to an individual or corporation, which right does not ordinarily belong to citizens in general. *Englewood v. Mountain States Telephone & Telegraph Co.*, 163 Colo. 400, 431 P.2d 40 (1967). However, all privileges and rights granted do not become franchises, particularly if they involve the exercise of a governmental function concerned with the preservation of public health and safety. *Finney v. Estes*, 130 Colo. 115, 273 P.2d 638 (1954).

Friedman, Hill & Robbins, Robert F. Hill, Karen A. Tomb, Denver, for plaintiffs-appellees.

Hamilton, Hamilton, Shand & McLachlan, P. C., Michael E. McLachlan, Durango, for defendants-appellants Community Tele-Communications, Inc.

Although dicta, the factors to be considered in determining whether the grant of a privilege is a franchise, or only a permit, are most clearly set forth in *McPhee & McGinnity Co. v. Union Pacific R.R.*, 158 F. 5 (8th Cir. 1907), where it is stated:

"A privilege granted by a city to a private party to occupy or use a portion of a public street temporarily for the construction of a building upon an abutting lot, for a cab stand, applestand, or for any similar commercial purpose, is a license and not a franchise. The exact line of demarcation between franchises and licenses may not be so clearly drawn, but their general characters and limits are so well known and so clearly established that it is not difficult to assign many rights granted to the class to which they belong.

"A right or privilege which is essential to the performance of the general function or purpose of the grantee, and which is and can be granted by the sovereignty alone, such as the right or privilege of a corporation to operate an ordinary or commercial railroad, a street railroad, city waterworks or gasworks, and to collect tolls therefor, is a franchise.

"A right or privilege not essential to the general function or purpose of the grantee, and of such a nature that a private party might grant a like right or privilege upon his property, such as a temporary, or revocable permission to occupy or use a portion of some public ground, highway, or street, is a license and not a franchise." [citations omitted].

Most cases dealing with the franchise versus license dichotomy may be rationalized by the application of the foregoing analysis.

■ The trial court found that, in effect, a monopoly has been granted here. We agree. Under the facts before us, the privilege is absolutely essential to the performance of the purpose of the grantee and is not of a nature that private persons might grant on their own property.

Under similar facts, most states that have ruled on the subject have found cable tele-vision to be an activity subject to franchise rather than license or permit. *See, e.g., Kornegay v. City of Raleigh*, 269 N.C. 155, 152 S.E.2d 186 (1967). We agree and hold that the privilege granted here was a franchise rather than a revocable permit.

The Cortez City Charter establishes the standards by which authorization to use city streets and other public property by private entities is to be made. *Cortez City Charter* Art. X. Ordinance 532 amounts to an unlawful avoidance of the public election requirement contained in Article X.

One further matter must be considered in this appeal. The district court addressed the issue of the procedure followed in amending Ordinance 532 as to time requirements. This issue was not raised in the proceedings before the court, and therefore, the court's ruling regarding this procedure should be stricken from its judgment. *Archuleta v. Archuleta*, 160 Colo. 32, 413 P.2d 704 (1966).

The judgment is affirmed in all particulars except as to its treatment of the procedure for amending Ordinance 532, and the cause is remanded with directions to strike that portion of the judgment.

STERNBERG, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The city of Cortez is a home rule city pursuant to *Colo. Const.* Art. XX, Sec. 6, which grants such cities every power possessed by the General Assembly as to local and municipal matters, unless restricted by the terms of its charter. Thus, the city council is granted such powers in the conduct of the legislative affairs of the city as are conferred by general law. *Service Oil Co. v. Rhodus*, 179 Colo. 335, 500 P.2d 807 (1972); *Fishel v. Denver*, 106 Colo. 576, 108 P.2d 236 (1940).

*Cortez City Charter* Art. X specifically permits the council to grant a permit at any time, for the temporary use or occupation of any street, alley, or public place, provid-

ed such permit shall be revocable by the council. Section 3 of Ordinance 532 reads:

"The right to use and occupy said streets for the purposes herein set forth, shall not be exclusive in the Grantee, and the City reserves the right to grant a similar use in said streets to any other person. This ordinance creates a permit in Grantee only and is not a franchise and all rights herein bestowed upon Grantee are not exclusive...."

Thus, although the city council had the power to treat cable television as a franchisal matter, it chose not to. That choice was within its legislative power. *See Finney v. Estes*, 130 Colo. 115, 273 P.2d 638 (1954).

The trial court concluded as a matter of law that:

"Any fair, reasonable doubt concerning existence of a power is resolved against the municipal corporation."

This is not a correct statement when applied to home rule cities. *See Service Oil Co. v. Rhodus, supra; Fishel v. Denver, supra.*

The trial court found, that the ordinance granted an exclusive right to Telecommunications, Inc., and was therefore, a monopoly. This finding is lacking factual support in the record. The plaintiffs neither applied for nor were they denied a comparable permit. Their complaint outlines three alternative methods of distributing cable television services. They complain that by obtaining the first permit, Telecommunications, Inc., has "gained an unfair economic advantage." A party whose only injury or damage will result from lawful competition from a permittee suffers no legal wrong and has no legal standing to bring an action challenging the permit granted under a municipal ordinance. *See KAKE-TV & Radio Inc. v. City of Wichita*, 213 Kan. 537, 516 P.2d 929 (1973).

Under the facts of this case, the definition of license set forth in *McPhee & McGinnity, Co. v. Union Pacific R.R., supra*, applies.

I would reverse and remand with orders to dismiss plaintiffs' complaint.