**Todd W. MADILL, Plaintiff–Appellant,**

v.

**COUNTY OF ADAMS, State of Colorado, Defendant–Appellee.**

No. 88CA1376.

Colorado Court of Appeals,
Div. IV.

Nov. 2, 1989.

Rehearing Denied Dec. 7, 1989.

Certiorari Granted Oct. 15, 1990.*

* Order granting certiorari is published at 799 P.2d 949.

Law Firm of Chris Melonakis, Chris Melonakis, Northglenn, for plaintiff-appellant.

Ronald K. Olson, Acting County Atty., and Darrel L. Matteson, Asst. County Atty., Brighton, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiff, Todd W. Madill, appeals from the judgment dismissing his complaint against the defendant, Adams County. We affirm.

Plaintiff's complaint alleges that on September 8, 1986, he was a passenger in a vehicle traveling on a road in unincorporated Adams County when that vehicle "left the roadway" and struck a bridge constructed and maintained by the county. He alleges that a guardrail on the bridge severed, and a crossbar of the guardrail struck him causing serious injuries. He sought to recover damages for these injuries from the county because, he alleges, the county was negligent in the "design, construction, and maintenance of the aforesaid guardrail."

Relying upon *M. & M. Oil Transportation, Inc. v. Board of County Commissioners*, 143 Colo. 309, 353 P.2d 613 (1960), and *American Employers Insurance Co. v. Board of County Commissioners*, 547 F.2d 511 (10th Cir.1976), the trial court concluded that, under the provisions of the Governmental Immunity Act (the Act), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A), a county is immune from liability "for dangerous conditions in its roadway." While we disagree with this conclusion, we agree that a judgment of dismissal was properly entered. *See Cole v. Hotz*, 758 P.2d 679 (Colo.App.1987).

Under the Act, the doctrine of governmental immunity is waived for claims based upon injuries resulting from a "dangerous condition of" any of several classifications of public thoroughfares. Section 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A). As originally enacted, the statutory provision setting out this waiver appeared on its face to provide an exception to the general rule of sovereign immunity only for dangerous conditions which interfered with the movement of traffic on (1) streets and sidewalks "within the corporate limits of any municipality," *or* (2) a highway that is a part of the federal interstate or federal primary highway system, *or* (3) a highway that is a part of the federal secondary highway system, *or* (4) a highway that is a part of the state highway system. Colo. Sess.Laws 1971, ch. 323 at 1206. *See Mes-*

*erole v. Aspen,* 786 P.2d 456 (Colo.App. 1989).

Arguably, the statute at that time did not provide an exception to the general rule of immunity for claims resulting from injuries occasioned by a dangerous condition of a county road. *See American Employers Insurance Co. v. Board of County Commissioners, supra.* Nor do we construe the supreme court's opinion in either *Wheeler v. County of Eagle,* 666 P.2d 559 (Colo.1983) or *Jefferson County School District R-1 v. Gilbert,* 725 P.2d 774 (Colo. 1986) to have decided this issue.

In both of those cases, the question addressed was not whether the governmental entity could assert its immunity from suit, but rather whether the governmental defendant owed a duty to the plaintiff. In *Wheeler,* it was concluded that, depending on the circumstances, a county may owe a duty to provide safe pedestrian travelways along an unpaved county road; in *Gilbert,* it was determined that a school district had not assumed the duty of providing school crossing guards at intersections. In neither case was the issue of the entity's immunity addressed, nor was the Act even referred to.

■ In any event, effective July 1, 1986, there were substantial amendments made to § 24–10–106(1)(d). Colo.Sess.Laws 1986, ch. 166, § 5 at 875–876. These amendments, in our view, are such that, at least from their effective date, a county's immunity is waived for claims arising from injuries resulting from a dangerous condition of a county road, if certain conditions are shown to exist.

The pertinent portion of § 24–10–106(1) now reads as follows:

"Sovereign immunity is waived by a public entity in an action for injuries resulting from:

. . . .

(d) A dangerous condition of a *public highway, road, or street* which physically interferes with the movement of traffic on the paved portion, if paved, or on the portion customarily used for travel by motor vehicles, if unpaved...." (emphasis supplied)

■ This amendment added a fifth classification of public roads to the four that were described in the original Act. *See Meserole v. Aspen, supra.* And, the unmodified words, "public highway, road, or street," must, necessarily, include a county road. *See* § 43–2–201, C.R.S. (1984 Repl. Vol. 17) (defining "public highways"); *Englewood v. Mountain States Telephone & Telegraph Co.,* 163 Colo. 400, 431 P.2d 40 (1967) (term "public highway" includes both county roads and municipal streets). The amendment must be interpreted to include roadways that are outside a municipality's boundaries, as well as those that are not a part of either the federal or state highway systems. *See* § 24–10–103(5), C.R.S. (1988 Repl.Vol. 10A) (definition of "public entity" includes a "county").

We conclude, therefore, that, if the pertinent conditions set forth in § 24–10–106(1)(d) are shown to exist, a county is not immune from a suit based upon injuries resulting from a dangerous condition of a county road.

■ Nevertheless, in order for the exception to the rule of immunity under the Act to be applicable to a claim for injuries occurring on a county road, the injury must result from a dangerous condition that *"physically intereres with the movement of traffic"* on that portion of the road that is paved or, if not paved, on that portion of the road customarily used for travel by motor vehicles. Section 24–10–106(1)(d).

The specific allegations here affirmatively disclose that plaintiff's injuries arose *after* his vehicle "left the roadway" and struck a bridge. Further, there is no allegation, or other indication, that either the bridge which the vehicle struck or the guardrail affixed thereto physically interfered, in any manner, with the movement of traffic on that portion of the road traveled by motor vehicles.

Thus, from the face of the complaint alone it may be determined that plaintiff can prove no set of facts that would entitle him to recover against the county. Under these circumstances, the court's entry of a judgment of dismissal was proper. *See* *People ex rel. Kinsey v. Sumner,* 34 Colo. App. 61, 525 P.2d 512 (1974).

Judgment affirmed.

HUME and NEY, JJ., concur.