Tom MACURDY, Plaintiff–Appellant,

v.

Thomas FAURE, Coroner of Boulder County; Ben Pearlman, Commissioner; Tom Mayer, Commissioner; Will Toor, Commissioner; and County of Boulder, Defendants–Appellees.

No. 07CA0339.

Colorado Court of Appeals, Div. III.

Dec. 27, 2007.

Tom Macurdy, Pro Se.

H. Lawrence Hoyt, County Attorney, Andrew R. MacDonald, Assistant County Attorney, Boulder, Colorado, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

Plaintiff, Tom Macurdy, appeals the trial court's judgment dismissing his complaint against defendants, Thomas Faure, the Coroner of Boulder County; the County of Boulder; and Ben Pearlman, Tom Mayer, and Will Toor, Commissioners of Boulder County. We affirm.

Macurdy's wife died in their home on March 5, 2006. An employee of the Boulder County Coroner's Office came to the home and, after learning that Macurdy's wife had been treated with chemotherapy, stated that he would list the cause of death as cancer. Macurdy disagreed with that determination because the cancer was localized and the chemotherapy was a precautionary treatment. The Coroner's Office, however, declined to perform an autopsy to determine the cause of death. Macurdy then paid $3,000 to have a private autopsy completed, and that autopsy concluded that his wife died of pneumonia.

Macurdy subsequently brought this action against defendants, alleging that they had failed to comply with their statutory duties to perform an autopsy. Macurdy also alleged that defendant Faure may have violated section 18–8–405(1)(a), C.R.S.2007, by failing to perform a duty imposed by law (conducting the autopsy). Macurdy sought reimbursement for the cost of the private autopsy.

Defendants moved to dismiss Macurdy's complaint, contending it did not properly name Boulder County as a party as required by section 30–11–105, C.R.S.2007; it was barred by governmental immunity; Macurdy lacked standing; and he failed to present his claim for payment as required by section 30–

25–110(1), C.R.S.2007. Macurdy contested defendants' motion and also requested leave of the trial court to file an amended complaint to identify correctly Boulder County and assert additional facts.

The trial court granted defendants' motion to dismiss, finding that the decision regarding whether an autopsy should be performed was left to the discretion of the coroner and the district attorney. Accordingly, the court concluded that Macurdy's claims must fail. The court did not specifically rule on Macurdy's motion to amend the complaint. Rather, the court subsequently determined that Macurdy's motion to amend was moot because it had dismissed the case. Macurdy then brought this appeal.

## I. Motion to Dismiss

Macurdy contends that the trial court erred in dismissing his complaint for failure to state a claim upon which relief could be granted. We disagree.

In determining whether to grant a motion to dismiss pursuant to C.R.C.P. 12(b)(5), the trial court must accept the material allegations in the complaint as true, and the complaint should not be dismissed if the plaintiff can be granted relief under any state of the facts alleged. *Rosenthal v. Dean Witter Reynolds, Inc.,* 908 P.2d 1095, 1099 (Colo. 1995); *Davidson v. Dill,* 180 Colo. 123, 131–32, 503 P.2d 157, 162 (1972). Thus, a complaint should not be dismissed on a motion for failure to state a claim so long as the pleader is entitled to some relief upon any theory of the law. *DiChellis v. Peterson Chiropractic Clinic,* 630 P.2d 103, 105 (Colo. App.1981).

The coroner's function is "to investigate and determine whether a decedent has died from violent, unexplained causes, or under suspicious circumstances." *People ex rel. Kinsey v. Sumner,* 34 Colo.App. 61, 65, 525 P.2d 512, 514 (1974).

Section 30–10–606, C.R.S.2007, provides that the coroner shall take certain steps, including notifying the district attorney, viewing the body, and making all proper inquiry respecting the cause and manner of death for any person who, within the jurisdic-

tion of the coroner, has died under certain specified circumstances. Section 30–10–606(2), C.R.S.2007, also provides that if the coroner or district attorney deems it advisable, the coroner shall cause a post-mortem examination of the body of the deceased (autopsy) to be made by a licensed physician to determine the cause of death.

No provision in section 30–10–606 expressly creates a private cause of action by which a party may seek damages against a coroner for failure to perform an autopsy.

An implied private right of action will not be inferred in a statute unless a clear legislative intent to create such a cause of action can be discerned. *Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913, 923 (Colo. 1997). In making this determination, a court must consider three factors: whether the plaintiff is within a class of persons intended to be benefited by the legislative enactment; whether the legislature intended to create, albeit implicitly, a private right of action; and whether an implied civil remedy would be consistent with the purposes of the legislative scheme. *Colo. Ins. Guar. Ass'n v. Menor,* 166 P.3d 205, 210 (Colo.App.2007); *see also Silverstein v. Sisters of Charity,* 38 Colo.App. 286, 288, 559 P.2d 716, 718 (1976) (where statute did not expressly provide for civil action for damages, there was no implied private right of action).

Applying the *Gerrity* factors, we also conclude that there is no implied private right of action under · section 30–10–606. First, we acknowledge that Macurdy may be within the class of persons intended to be benefited by the legislative enactment. Among other things, a coroner is directed to make proper inquiry regarding the cause and manner of death from diseases which may be hazardous or contagious or may constitute a threat to the general public health, as well as when a sudden death occurs to a person who was in good health. *See* § 30–10–606(1)(e), (g), C.R.S.2007. Thus, while the intended beneficiaries of this statute encompass the health or safety of the public at large, such as in cases of external violence or contagious disease, the statute may also benefit spouses

of decedents who die suddenly while apparently in good health.

Although the first *Gerrity* factor could be interpreted in favor of establishing an implied private right of action, we conclude that the second and third factors cannot. As to the second factor, viewing section 30–10–606 as a whole, we conclude that it does not evince a legislative intent to create an implied private right of action to recover damages against a coroner or a county. In the first instance, the statute requires the coroner to immediately notify the district attorney, proceed to view the body, and make proper inquiry respecting the cause and manner of death in specified circumstances. § 30–10–606(1). Assuming those obligations have been carried out by the coroner and the district attorney, the statute then leaves it to the discretion of those officials to determine whether an autopsy should be conducted to determine the cause of death. § 30–10–606(2). Thus, even in those circumstances where the coroner and the district attorney are required to "make all proper inquiry" respecting the cause and manner of death, ultimately, there is no duty upon either official to conduct or order an autopsy in any particular case. Accordingly, the legislature could not have intended that failure to perform a discretionary duty on the part of the coroner or district attorney would give rise to a private right of action.

As to the third factor, an implied civil remedy would not be consistent with the purposes of the legislative scheme. If coroners and county officials could be subject to private causes of action for damages, they might not be able to exercise their statutory discretion properly because the threat of litigation could lead to conducting autopsies in circumstances where the coroner or district attorney did not otherwise believe that doing so would be proper or necessary. Consequently, we find that an implied private right of action would be inconsistent with the purposes of the legislative scheme.

In conclusion, we hold that there is no private right of action under section 30–10–606.

■ Therefore, we conclude that the trial court did not err in determining that Macurdy's complaint failed to state a claim for relief based on the coroner's failure to conduct a public autopsy.

To the extent Macurdy argues that defendant Faure violated section 18–8–405(1)(a), we note that Macurdy stated in response to defendants' motion to dismiss that he did not intend to assert a tort claim based on that statute and that any reference to that statute would be deleted in the amended complaint. In addition, Macurdy has noted that a violation of that statute could be raised by the district attorney. Consequently, Macurdy has abandoned any claim based on an alleged violation of section 18–8–405(1)(a). *See City of Northglenn v. Grynberg,* 846 P.2d 175, 177 (Colo.1993).

## II. Amended Complaint

■ We also reject Macurdy's contention that the trial court erred in denying his motion to amend the complaint.

■ C.R.C.P. 15(a) allows a party to amend a complaint once, as a matter of course, before a responsive pleading is filed. *See Fladung v. City of Boulder,* 165 Colo. 244, 247, 438 P.2d 688, 690 (1968). A motion to dismiss, which defendants filed here, does not constitute a responsive pleading for purposes of the rule. *See Davis v. Paolino,* 21 P.3d 870, 873 (Colo.App.2001).

Pursuant to C.R.C.P. 15(a), Macurdy was not required to seek leave of the court to amend his complaint and could have filed an amended complaint at any time. However, although he indicated what amendments he might make, Macurdy did not file an amended complaint during the period that the motion to dismiss was pending.

More important, as indicated in part I of this opinion, the allegations of the complaint do not support the assertion of a claim against defendants. We also conclude that the proposed amendments in Macurdy's motion to amend did not cure the defect in his claims for relief. In that motion, Macurdy merely noted that he would correct the caption to name the proper party, delete any

reference to section 18–8–405 and add factual allegations. Accordingly, even if we construe Macurdy's motion to amend as effectively constituting an amended complaint, such amended complaint would not have altered the basis for dismissal discussed in part I.

Therefore, under these circumstances, we conclude that the trial court did not err in denying Macurdy's motion to amend. *See Conrad v. Imatani,* 724 P.2d 89, 94 (Colo. App.1986)(court may deny motion to amend complaint when amendment would be futile).

The judgment is affirmed.

Judge ROY and Judge TERRY concur.