**Roberta L. GREAR and Michael A. Grear, Plaintiffs–Appellants,**

v.

**Henry N. MULVIHILL, Defendant–Appellee.**

No. 08CA0946.

Colorado Court of Appeals, Div. I.

March 5, 2009.

Lansky, Weigler & Porter, P.C., Wendy E. Weigler, Denver, Colorado, for Plaintiffs–Appellants.

Cheryl Torpey Mulvihill, PC, Cheryl L. Mulvihill, Parker, Colorado, for Defendant–Appellee.

Opinion by Judge LICHTENSTEIN.

Plaintiffs, Roberta L. Grear and Michael A. Grear, appeal the judgments dismissing their claims against defendant, Henry M. Mulvihill, and awarding him attorney fees and costs. We reverse both judgments and remand with directions that the trial court accept the amended complaint plaintiffs filed against Mulvihill.

On November 8, 2006, plaintiffs filed a complaint against Mulvihill and three other defendants seeking to quiet title in certain real property and asserting several other claims for relief. As pertinent to this appeal, the complaint asserted claims against Mulvihill for allegedly filing spurious lien documents and for violating the good faith provision of the Colorado Common Interest Ownership Act. *See* § 38–33.3–113, C.R.S. 2008.

On January 4, 2007, prior to filing an answer, Mulvihill filed a C.R.C.P. 12(b)(5) motion to dismiss and also sought sanctions under C.R.C.P. 11 and section 13–17–101, C.R.S.2008.

On January 5, 2007, two of the other defendants (MacLennan Ranch LLP and Roderick C. MacLennan) filed an answer to the complaint.

Later that same day, plaintiffs filed an amended complaint which asserted only a single spurious lien claim against Mulvihill and contained more specific allegations concerning that claim. On January 12, 2007, plaintiffs filed a response to Mulvihill's motion to dismiss in which they noted that their amended complaint clarified their allegations against Mulvihill and asserted only one claim against him.

In ruling on Mulvihill's motion to dismiss, the trial court first determined that, because plaintiffs filed their amended complaint after the MacLennan defendants had filed an answer, the amended complaint could be permitted only "by leave of the court or with permission of the adverse parties." Because plaintiffs had not sought or obtained such leave or permission, the trial court determined that the amended complaint was "improper" and that the motion to dismiss must be decided based on the original complaint.

After considering the allegations in the original complaint, the trial court concluded that plaintiffs were "not entitled to any relief under the facts stated" and that Mulvihill was entitled to an award of costs and attorney fees pursuant to section 13–17–201, C.R.S.2008. The trial court subsequently entered a judgment requiring plaintiffs to pay Mulvihill $2,015 in attorney fees and $71.58 in costs. Approximately one year later, the trial court certified the dismissal and attorney fees-costs judgments as final and appeal-

able under C.R.C.P. 54(b). Plaintiffs now challenge the propriety of those judgments.

## I.

Before proceeding to the merits of plaintiffs' appeal, we first address their contention that the trial court erred in certifying the dismissal and attorney fees-costs judgments as final under C.R.C.P. 54(b). We conclude that the certification was proper.

■ C.R.C.P. 54(b) permits a court, in an action involving multiple parties or multiple claims for relief, to direct entry of a final judgment as to fewer than all the claims or parties. It provides an exception to the general rule that an entire case must be resolved by a final judgment before an appeal is brought. *Richmond Am. Homes, Inc. v. Steel Floors, LLC,* 187 P.3d 1199, 1202 (Colo. App.2008).

■ Our jurisdiction to entertain an appeal of a decision certified under C.R.C.P. 54(b) depends upon the correctness of the certification. *See Carothers v. Archuleta County Sheriff,* 159 P.3d 647, 651 (Colo.App. 2006). We review de novo the legal sufficiency of the trial court's certification. *Id.*

■ In arguing certification was improper, plaintiffs rely on *Harding Glass Co. v. Jones,* 640 P.2d 1123, 1126 (Colo.1982), in which the supreme court set forth a three-prong approach for addressing certification. Specifically, they point to the first prong, which requires the decision in question to be a ruling on an entire claim for relief. Plaintiffs argue dismissal of their spurious lien claim against Mulvihill did not resolve an entire claim because the same claim remained pending against other defendants.

■ Contrary to plaintiffs' contention, the supreme court has specifically held that in cases such as this involving multiple parties, the first step of *Harding* does not apply. *See Lytle v. Kite,* 728 P.2d 305, 308 (Colo. 1986); *see also United States v. Bell,* 724 P.2d 631, 645 n. 19 (Colo.1986). In such cases, however, certification is proper only if the rights and liabilities of the parties have been fully adjudicated regarding the claim on

which judgment is to be certified. *See Lytle,* 728 P.2d at 308.

Here, the dismissal and attorney fees-costs judgments completely resolved any claims plaintiffs and Mulvihill had against each other. Additionally, plaintiffs have not shown that the remaining defendants may be jointly, but not severally, liable with Mulvihill for the pending spurious lien claims. *See Hall v. Bornschlegel,* 740 P.2d 539, 541 (Colo.App. 1987) (C.R.C.P. 54(b) certification improper if ruling sought to be certified disposes of one or more claims against some but not all of the parties who may be jointly, but not severally, liable, and there remains in the trial court a claim or claims against one or more of the remaining parties who, because of the certification, are not before the appellate court).

Under these circumstances, we perceive no error in the trial court's decision to certify the dismissal and attorney fees-costs judgments under C.R.C.P. 54(b).

## II.

■ We next address and reject Mulvihill's contention that this appeal is untimely because the dismissal and attorney fees-costs judgments were entered in January and February 2007, and plaintiffs did not file their notice of appeal until May 2008.

Mulvihill's argument rests on the erroneous premise that the dismissal and attorney fees-costs judgments were final and appealable when entered. To the contrary, because those judgments did not end the entire action, they were not independently appealable. *See Harding Glass Co.,* 640 P.2d at 1125. Only the C.R.C.P. 54(b) certification rendered these judgments appealable, and because plaintiffs filed their notice of appeal within forty-five days of that certification order, the appeal is timely.

## III.

■ Plaintiffs contend that the trial court erred in dismissing their claim against Mulvihill under C.R.C.P. 12(b)(5). They contend that they were entitled to amend their complaint as a matter of course pursuant to C.R.C.P. 15(a). We conclude that the trial

court erred in dismissing the claim without considering plaintiffs' amended complaint against Mulvihill.

C.R.C.P. 15(a) provides, in relevant part, that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is filed."

Here, Mulvihill's C.R.C.P. 12(b)(5) dismissal motion was not a "responsive pleading" within the meaning C.R.C.P. 15(a) and therefore, did not terminate plaintiffs' right to amend as a matter of course. *See Macurdy v. Faure*, 176 P.3d 880, 883 (Colo.App.2007); *Davis v. Paolino*, 21 P.3d 870, 873 (Colo.App. 2001).

Moreover, contrary to the trial court's ruling, we conclude that the filing of an answer by the MacLennan defendants did not terminate plaintiffs' right to amend their complaint against Mulvihill as a matter of course. The parties have not cited, and we have not located, any Colorado appellate opinion directly addressing this issue. However, because C.R.C.P. 15(a) is identical to Fed. R.Civ.P. 15(a), cases interpreting the federal rule are persuasive. *See Harris v. Reg'l Transp. Dist.*, 155 P.3d 583, 588 (Colo.App. 2006); *Moore v. Grossman*, 824 P.2d 7, 9 (Colo.App.1991).

■ Federal authority holds that when a case involves multiple defendants and not all of them have filed a responsive pleading, the plaintiff may amend the complaint as a matter of course with respect to those defendants who have yet to file such a pleading. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir.2007); *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir.1983); *Williams v. Savage*, 569 F.Supp.2d 99, 104 (D.D.C.2008); *Kronfeld v. First Jersey Nat'l Bank*, 638 F.Supp. 1454, 1460 (D.N.J.1986); *Goldlawr, Inc. v. Shubert*, 169 F.Supp. 677, 689 (E.D.Pa.1958); *see also* 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1481 (2d ed.1990) (if amendment affects all defendants or one or more of those that have not responded, it generally is held that a responsive pleading has not been served for purposes of Rule 15(a), and the plaintiff may amend the complaint as of course with regard to those defendants that have not answered); 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.11 (3d ed.2008) (if some, but not all, defendants have answered, plaintiff has the right to amend claims asserted against non-answering defendants).

We find this federal authority persuasive and conclude that the same standard should apply under C.R.C.P. 15(a). Here, because Mulvihill had not yet filed a responsive pleading within the meaning of C.R.C.P. 15(a), plaintiffs were entitled to amend their complaint against him once as a matter of course. Consequently, the trial court erred in treating the amended complaint as "improper" and in dismissing plaintiffs' claim without considering the amended complaint.

## IV.

On appeal, Mulvihill asserts that the dismissal was otherwise appropriate because plaintiffs' claim "would have been barred by the statute of limitations and therefore [was] outside the jurisdiction" of the trial court. We disagree with this assertion for two reasons.

■ First, in civil actions, an expired statute of limitations is simply an affirmative defense that deprives the plaintiff of a remedy. It does not deprive the trial court of jurisdiction. *See Halter v. Waco Scaffolding & Equip. Co.*, 797 P.2d 790, 793 (Colo.App. 1990); *see also* C.R.C.P. 8(c) (listing statute of limitations as an affirmative defense).

■ Second, assuming without deciding, that the applicable limitations period for plaintiffs' claims is two years as Mulvihill asserts, the amended complaint includes allegations of improper filings as late as July 2006, well within two years of the date plaintiffs commenced the action in November 2006.

Under these circumstances, we are not persuaded that dismissal of plaintiffs' claim on statute of limitations grounds is warranted at the pleading stage under C.R.C.P. 12(b)(5). *See Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 307 (Colo.App.2007) (noting that generally defendants have not been allowed to raise statute of limitations defense under C.R.C.P. 12(b)(5) but that divisions of

this court have recognized an exception if the bare allegations of the complaint reveal the action was not commenced within the required statutory period).

## V.

Finally, given our determination that the trial court erred in dismissing plaintiffs' claim against Mulvihill, we further conclude that the attorney fees-costs judgment based upon that dismissal must also be reversed. *See Glenwright v. St. James Place Condo. Ass'n,* 197 P.3d 264, 269 (Colo.App.2008).

The judgment dismissing plaintiffs' claim against Mulvihill and the subsequent judgment awarding Mulvihill attorney fees and costs are reversed, and the case is remanded with instructions for the trial court to accept plaintiffs' amended complaint.

Judge TAUBMAN and Judge ROMÁN concur.