20CA1299 BKP v Killmer 01-06-2022 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1299 City and County of Denver District Court No. 19CV31940 Honorable Robert L. McGahey, Jr., Judge BKP, Inc.; Ella Bliss Beauty Bar, L.L.C.; Ella Bliss Beauty Bar 2, L.L.C.; and Ella Bliss Beauty Bar 3, L.L.C., Plaintiffs-Appellants, v. Killmer, Lane & Newman, LLP; Mari Newman; and Towards Justice, Defendants-Appellees. ORDER VACATED Division V Opinion by JUDGE DUNN Welling and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 6, 2022 Sherman & Howard LLC, Raymond M. Deeny, Heather Fox Vickles, Brooke A. Colaizzi, Denver, Colorado, for Plaintiffs-Appellants Treece Alfrey Musat P.C., Michael Hutchinson, Denver, Colorado; Killmer, Lane & Newman, LLP, Thomas Kelley, Denver, Colorado, for Defendants-Appellees Killmer, Lane & Newman, and Mari Newman The Law Office of Brian D. Gonzales, PLLC, Brian D. Gonzales, Fort Collins, Colorado; Harter Secrest & Emery LLP, Brian M. Feldman, Rochester, New York, for Defendant-Appellee Towards Justice 
1 ¶ 1 Plaintiffs, BKP, Inc.; Ella Bliss Beauty Bar, L.L.C.; Ella Bliss Beauty Bar 2, L.L.C.; and Ella Bliss Beauty Bar 3, L.L.C. (collectively, the employer), appeal the trial court’s order awarding attorney fees to defendants Kilmer, Lane & Newman, LLP; Mari Newman; and Towards Justice (collectively, the attorneys). Because another division of this court has reversed the merits judgment on which the fee award was based, we vacate the fee order. ¶ 2 In 2018, the attorneys filed a putative class action lawsuit against the employer, asserting various wage and employment claims. The same day they filed the lawsuit, the attorneys made statements about it at a press conference and in a press release. ¶ 3 Nearly a year later, the employer sued the attorneys, alleging that statements made at the press conference and in the press release were defamatory and interfered with the employer’s contractual relations. ¶ 4 The attorneys filed a motion to dismiss the employer’s claims under C.R.C.P. 12(b)(5), arguing that the statements were protected speech and not actionable. The trial court agreed and dismissed the employer’s claims. 
2 ¶ 5 The attorneys then filed a motion for attorney fees under section 13-17-201, C.R.S. 2021, which requires an attorney fee award when a court dismisses a tort action under Rule 12(b). The attorneys also filed an unopposed bill of costs. The trial court granted the motion and awarded the attorneys “most of their requested” fees and the unopposed costs. ¶ 6 The employer separately appealed the merits judgment and the order awarding fees, but it didn’t appeal the cost award. ¶ 7 Another division of this court considered the employer’s appeal of the order dismissing its claims. See BKP, Inc. v. Kilmer Lane & Newman, LLP, 2021 COA 144 (BKP I). That division concluded that not all of the attorneys’ statements were protected speech. Id. at ¶¶ 80-81. The division therefore “reverse[d] the trial court’s order dismissing” the case and remanded “to the trial court to reinstate the case.” Id. at ¶¶ 81-82.
1 1 A more detailed description of the facts and procedural history can be found in BKP I. See BKP, Inc. v. Kilmer Lane & Newman, LLP, 2021 COA 144. 
3 ¶ 8 Given that result, we must reverse the order awarding fees under section 13-17-201.
2 See Grear v. Mulvihill, 207 P.3d 918, 923 (Colo. App. 2009). While section 13-17-201 requires the award of fees where a tort action is dismissed under Rule 12(b), that section “does not authorize recovery [of attorney fees] if a defendant obtains dismissal of some, but not all, of a plaintiff’s tort claims.” Colo. Special Dists. Prop. & Liab. Pool v. Lyons, 2012 COA 18, ¶ 60; accord Scott v. Scott, 2018 COA 25, ¶ 61. Thus, because BKP I reversed the order dismissing the employer’s complaint, the attorneys are not entitled to attorney fees under section 13-17-201. See Scott, ¶ 61; see also Grear, 207 P.3d at923. But because the employer did not appeal or challenge the cost order, we don’t consider that order here. ¶ 9 Finally, given the result in BKP I and the reversal of the fee award here, attorneys are not entitled to an award of appellate fees 2 On appeal, the employer largely challenges the reasonableness of the fee award. They do so assuming that “the trial court’s dismissal of [its] claims against [the attorneys] withstands appeal.” No one appears to dispute that, if the dismissal is reversed — as was the case here — the order awarding attorney fees must also be reversed. See Scott v. Scott, 2018 COA 25, ¶ 61; see also Grear v. Mulvihill, 207 P.3d 918, 923 (Colo. App. 2009). 
4 and costs under section 13-17-201. We therefore decline that request. ¶ 10 For these reasons, we vacate the trial court’s order awarding fees to the attorneys. JUDGE WELLING and JUDGE YUN concur.